**No. 22-80063**

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

**IN RE: JUUL LABS, INC. MARKETING, SALES PRACTICES & PRODUCTS LIABILITY LITIGATION**

Petition for Review of Order Granting Class Certification by the
United States District Court for the Northern District of California
for the Northern District of California
Case No. 3:19-md-02913
(Orrick, J.)

# JUUL LABS, INC.'S MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF RULE 23(f) PETITION FOR PERMISSION TO APPEAL

Petitioner Juul Labs, Inc. (JLI) respectfully requests leave to file a reply brief in support of its Petition for Permission to Appeal under Federal Rule of Civil Procedure 23(f) the district court's class certification decision.

The district court certified fraud-based classes that include *every* California consumer who *ever* bought *any* of petitioner JLI's JUUL products. These classes lump together seasoned cigarette smokers and longtime vapers with nicotine novices and even underage users. The classes encompass a seven-year period that saw vastly different ads (indeed, long stretches of *no* advertising at all) with different product labels and warnings. As the district court acknowledged, "[e]ach class member deposed testified differently concerning why each started using JUUL, what they

knew about JUUL and its nicotine content, and whether they had seen any marketing materials or labels prior to their use (because, according to defendants, many had not)." Order at 33.

That lack of class cohesion and resulting predominance problems should have scuttled plaintiffs' request. The district court's decision to instead certify these classes exposes JLI to at least $1.7 billion in claimed damages. Such staggering liability is likely to signal the death knell of this litigation absent immediate review.

JLI's petition identified questions raised by the district court's order that implicate fundamental issues of class certification law. Plaintiffs' opposition mischaracterizes the district court's decision in important ways, while also ignoring or running away from key issues identified in JLI's petition. As just one example, not a single sentence in plaintiffs' nearly 10,000-word opposition defends the centerpiece of their class action: the theory that each of the widely varying ads across a seven-year period that also saw significant periods of *no* advertising could have somehow conveyed the same unstated or subliminal "Unique Selling Proposition" to everyone in the class.

JLI's short reply brief, attached to this motion, will aid the Court in considering this issue and others raised in the petition. In similar circumstances, this Court regularly grants motions for leave to file reply briefs in support of Rule 23(f) petitions. *See, e.g.*, *A. B. v. Haw. State Dept. of Educ.*, No. 20-80014, ECF 12 (9th

Cir. Mar. 31, 2020); *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, No. 19-80108, ECF 22 (9th Cir. Dec. 20, 2019); *In re Qualcomm Antitrust Litig.*, No. 18-80135, ECF 10 (9th Cir. Jan. 23, 2019); *O'Connor v. Uber Techs., Inc.*, No. 15-80220, ECF 9 (9th Cir. Apr. 5, 2016); *Risinger v. SOC LLC*, No. 15-80180, ECF 15 (9th Cir. Jan. 27, 2016). The Court should follow the same course here.

Accordingly, JLI respectfully requests that the Court grant this motion and consider the attached reply brief.

August 18, 2022

Respectfully submitted,

*/s/ Jason M. Wilcox*

Peter A. Farrell
Jason M. Wilcox
Devin S. Anderson
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave, NW
Washington, D.C. 20004
(202) 389-5000

David M. Bernick
Renee D. Smith
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

*Counsel for Petitioner Juul Labs, Inc.*

## CERTIFICATE OF TYPE-VOLUME COMPLIANCE

The undersigned certifies that the foregoing motion is proportionately spaced, has a typeface of 14 points or more, and contains 440 words, in compliance with Federal Rules of Appellate Procedure 27(d)(2) and 32(a)(5)(A), and Circuit Rule 27-1(d).

*/s/ Jason M. Wilcox*

Jason M. Wilcox

## CERTIFICATE OF SERVICE

On August 18, 2022, this document was submitted to the Court through the CM/ECF system. All parties in this case are represented by registered CM/ECF users and will be served by the CM/ECF system.

*/s/ Jason M. Wilcox*

Jason M. Wilcox